Filed 7/5/22  In re C.J. CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re C.J., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.J.,<br><br>        Defendant and Appellant. | A164646<br><br>(Contra Costa County<br>Super. Ct. No. J21-00140) |

### MEMORANDUM OPINION[1]

C.J. (Father), father of minor C.J., appeals from orders denying his petition under Welfare and Institutions Code section 388[2] and terminating his parental rights under 366.26. Father's sole contention on appeal is that the Contra Costa County Children and Family Services Bureau (Bureau)

---

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

[2]     Further statutory references are to the Welfare and Institutions Code.

1

failed to comply with its duty under the Indian Child Welfare Act (25 U.S.C., § 1901 et seq.; ICWA) and related California law (§ 224 et seq.) to conduct an initial inquiry into whether C.J. was an Indian child.

C.J. was the subject of an April 2021 dependency petition alleging he was at risk of serious physical harm due to the chronic substance abuse of his mother, T.H. (Mother). (§ 300, subd. (b)(1).) Mother indicated in her ICWA-020 form that she had no Indian ancestry. Father did not complete an ICWA-020 form and indicated that he did not know if he had Indian ancestry. Based on these statements from the parents, the Bureau recommended in its disposition report that the juvenile court find that ICWA does not apply. At the June 2021 jurisdiction and disposition hearing, the juvenile court found that C.J. was a person described by section 300, subdivisions (b) and (j), and that "there is no reason to believe or know the child is an Indian child and ICWA does not apply." After further proceedings, the juvenile court denied Father's section 388 petition requesting reunification services and terminated Mother and Father's parental rights.[3]

On appeal, Father contends the Bureau did not comply with its duty to conduct an initial inquiry into whether C.J. was an Indian child because the Bureau failed to inquire with extended family members, such as paternal grandmother and maternal great aunt, both of whom were in contact with the Bureau during the proceedings. In a responsive letter, the Bureau concedes "there is not a record of a proper initial ICWA inquiry regrading C.J." Accordingly, the Bureau does not oppose a conditional reversal and remand to permit ICWA compliance.

---

[3] The Bureau's section 366.26 hearing report discussed no further inquiries regarding C.J.'s possible Indian heritage and merely repeated the juvenile court's inapplicability finding made at the jurisdiction and disposition hearing.

ICWA and related California law require notice to be given to relevant Indian tribes of the foster care placement of, or termination of parental rights to, an Indian child where the juvenile court knows or has reason to know that an Indian child is involved. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 5; see 25 U.S.C. § 1912(a), § 224.3, subd. (a).) "Because it typically is not self-evident whether a child is an Indian child, both federal and state law mandate certain inquiries to be made in each case. These requirements are sometimes collectively referred to as the duty of initial inquiry." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741.)

Under state law, juvenile courts and child welfare agencies are "under 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child.' " (*In re T.G.* (2020) 58 Cal.App.5th 275, 290, citing § 224.2, subds. (a)–(c).) The duty of initial inquiry requires the agency to ask "the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 244.2, subd. (b).) "If the initial inquiry gives the juvenile court or the agency 'reason to believe' that an Indian child is involved, then the juvenile court and the agency have a duty to conduct 'further inquiry' [citation], and if the court or the agency has 'reason to know' an Indian child is involved, ICWA notices must be sent to the relevant tribes." (*In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 742.) The agency "must on an ongoing basis include in its filings a detailed description of all inquiries, and further inquiries it has undertaken, and all information received pertaining to the child's Indian status." (Cal. Rules of Court, rule 5.481(a)(5).)

We conclude the juvenile court's finding of ICWA inapplicability is not supported by substantial evidence. While the record reflects that Father and Mother were asked about Indian ancestry, the record does not disclose any further and ongoing efforts by the Bureau to discharge its duty of initial inquiry in compliance with ICWA and state law, and the Bureau's reports did not include "detailed description[s]" of any inquiries made of extended family members, such as paternal grandmother and maternal great aunt. (Cal. Rules of Court, rule 5.481(a)(1), (5).) Furthermore, the record fails to affirmatively show that the juvenile court asked the Bureau to describe its efforts to ascertain C.J.'s possible Indian ancestry. Thus, the juvenile court did not meet its duty to ensure the Bureau adequately investigated C.J.'s possible Indian ancestry before finding ICWA inapplicable. (See *In re J.C.* (2022) 77 Cal.App.5th 70, 79–80 [although parents' ICWA-020 forms stated no known Indian ancestry and one parent told agency she had no Indian ancestry, juvenile court did not meet its ICWA duty where it did not ask whether agency made relevant ICWA inquiry of extended family members and did not ask agency to describe its efforts to ascertain child's ancestry].) This was reversible error. (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 432, 435 [where agency fails to discharge its initial duty of inquiry under ICWA and California law and juvenile court finds ICWA does not apply, error is "in most circumstances" prejudicial and reversible].)

## DISPOSITION

The orders denying Father's section 388 petition and terminating parental rights are conditionally reversed, and the case is remanded to the juvenile court with directions to order the Bureau to comply with the inquiry (and if appropriate, notice) provisions of ICWA and state law. If, after compliance with the law, the court finds that ICWA does not apply, the

orders shall be immediately reinstated.  If, on the other hand, the court finds there is reason to believe or know that C.J. is an Indian child, the court shall conduct a new section 366.26 hearing, as well as further proceedings (including giving notice to the relevant tribes), in compliance with ICWA and state law.

 

_____
Fujisaki, Acting P.J.


WE CONCUR:


_____
Petrou, J.


_____
Rodríguez, J.


*In re C.J.* (A164646)